**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

ELVIS ALEJANDRO JIMENEZ LOPEZ,

      Petitioner,

v.

WARDEN, Torrance County Detention Center;              Case No. 1:26-cv-01259-MIS-LF
MARY DE ANDA-YBARRA, in her official
capacity as Field Office Director of the El Paso Field
Office of Enforcement and Removal Operations,
U.S. Immigration and Customs Enforcement; TODD
M. LYONS, in his official capacity as Acting
Director, Immigration and Customs Enforcement,
U.S. Department of Homeland Security;
MARKWAYNE MULLIN, in his official capacity as
Secretary, U.S. Department of Homeland Security;
and TODD BLANCHE, in his official capacity as
Acting Attorney General of the United States,

      Respondents.

**ORDER DENYING PETITION UNDER 28 U.S.C. § 2241 FOR A WRIT OF HABEAS CORPUS**

THIS MATTER is before the Court on Petitioner Elvis Jimenez Lopez's pro se Petition

Under 28 U.S.C. § 2241 for a Writ of Habeas Corpus ("Petition"), ECF No. 1, filed April 22, 2026.

The Federal Respondents filed a Response on May 1, 2026 ("Response"),[1] ECF No. 6.  Upon

review of the Parties' submissions, the record, and the relevant law, the Court will **DENY** the

Petition.

---

[1]      The Clerk's Office served all Respondents with the Petition pursuant to this District's Standing Order Regarding Service of Process in Immigration Habeas Petitions filed Pursuant to 28 U.S.C. § 2241, Case 1:26-mc-00004, ECF No. 3 (D.N.M. Jan. 28, 2026).  ECF No. 3.  However, as has become customary in these cases, the Warden did not respond to the Petition.

## I.    Background

Petitioner is a citizen of Cuba who entered the United States unlawfully on or about April 12, 2022.  See Form I-213, ECF No. 6-1 at 2.  Shortly thereafter, he was arrested by a Border Patrol Agent, placed in removal proceedings, and released on his own recognizance.  Id.; Pet. ¶ 2, ECF No. 1 at 14;[2] Order of Release on Recognizance, ECF No. 1 at 41-43.  He subsequently filed applications for asylum and for adjustment of status under the Cuban Adjustment Act.  Pet. ¶ 2; Receipt for Form I-485 Application to Adjust Status, ECF No. 1 at 46.  Additionally, his wife, who is a lawful permanent resident, has filed a Form I-130 Petition for Alien Relative on his behalf. Pet. ¶ 2; Receipt for Form I-130 Petition for Alien Relative, ECF No. 1 at 48.

On August 29, 2025, Petitioner was seen pulling a tractor trailer that had been reported stolen.  Ector County Sheriff's Office Offense Report, ECF No. 1 at 51.  Petitioner was arrested for theft by possession and transported to the Ector County (Texas) Law Enforcement Center.  Id. On September 26, 2026, the owner of the tractor trailer executed an Affidavit of Non-Prosecution requesting that the Ector County District Attorney's Office dismiss the charges and decline to prosecute Petitioner.  ECF No. 1 at 52.  According to Petitioner, the charges were subsequently dismissed.  Pet. ¶ 3.

However, on November 3, 2025, apparently while Petitioner was still in detention on the theft charges, he was transferred to the custody of the Department of Homeland Security ("DHS"). See id.  He is currently detained at the Torrance County Detention Center in Estancia, New Mexico. Pet. ¶ 30.

---

[2]    Where the Court cites to paragraph numbers, it cites to "Attachment A to Petition (AO 242): GROUNDS FOR RELIEF AND SUPPORTING FACTS SUPPORT OF PETITION FOR WRIT OF HABEAS CORPUS (28 U.S.C. § 2241)," ECF No. 1 at 12-24.

On January 20, 2026, an Immigration judge denied Petitioner bond based solely on a determination that Petitioner is subject to mandatory detention under 8 U.S.C. § 1225(b), and therefore the immigration court lacked jurisdiction to order Petitioner's release on bond. Id. ¶¶ 24, 31; Order of the Immigration Judge (Jan. 20, 2026), ECF No. 1 at 57.

On April 14, 2026, the Immigration Judge revisited the issue and denied bond again, this time on two alternative grounds: (1) "Detention is mandatory.  Matter of Yajure Hurtado, 29 I&N Dec. 216 (BIA 2025)"; and (2) "If the Court had jurisdiction to grant a bond, the Court would deny bond because the Respondent has not met his burden of showing that he is not a danger to the community."  Order of the Immigration Judge (Apr. 14, 2026), ECF No. 1 at 60.

On April 22, 2026, Petitioner filed the instant Petition for Writ of Habeas Corpus.  ECF No. 1 at 1-36.  On April 24, 2026, the Court issued an Order to Show Cause instructing Respondents to answer the Petition and show cause why it should not be granted.  ECF No. 4.  On March 10, 2026, Respondents filed a Response.  ECF No. 6.

## II.    Legal Standard

Federal courts possess authority to review the legality of executive detention through the writ of habeas corpus.  Title 28, United States Code, section 2241 expressly authorizes courts to issue a writ of habeas corpus when a person is "in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2241(c)(3).  The Tenth Circuit has recognized that "[c]hallenges to immigration detention are properly brought directly through habeas." Soberanes v. Comfort, 388 F.3d 1305, 1310 (10th Cir. 2004) (citing Zadvydas v. Davis, 533 U.S. 678, 687-88 (2001)).  "The fundamental purpose of a § 2241 habeas proceeding is to allow a person in custody to attack the legality of that custody, and the traditional function of the writ is to secure release from illegal custody."  Palma-Salazar v. Davis, 677 F.3d 1031, 1035 (10th Cir. 2012)

3

(quotation marks omitted) (quoting McIntosh v. U.S. Parole Comm'n, 115 F.3d 809, 811 (10th Cir. 1997)).

### III.    Discussion

Petitioner argues that his detention is governed by 8 U.S.C. § 1226(a), and his detention without an individualized assessment as to his dangerousness or flight risk violates Fifth Amendment's Due Process Clause.  Pet. ¶¶ 37, 45.  Petitioner acknowledges that on April 14, 2026, an Immigration Judge issued an Order finding that it lacked jurisdiction to grant bond and, in the alternative, that Petitioner failed to establish he is not a danger to the community.  Id. ¶ 24.  However, he argues that "no Immigration Judge has evaluated whether I present a danger to the community or a risk of flight, and no neutral decision-maker has assessed whether my continued detention is necessary or whether less restrictive alternatives would reasonably ensure my appearance at future immigration proceedings."  Id. ¶ 25.  Petitioner seeks immediate release from custody or, alternatively, a bond hearing under 8 U.S.C. § 1226(a).  Id. at 35.

Respondents argue that Petitioner is subject to mandatory detention under 8 U.S.C. § 1225(b)(2)(A).  Resp. at 3.  However, they "acknowledge that this Court recently reached the opposite conclusion in Duhan v. Noem, Case No. 2:26-cv-00019-MIS-JFR, 2026 U.S. Dist. LEXIS 20895 (D.N.M. Feb. 2, 2026) on facts substantially similar to those currently before the Court."  Id.  They further assert "that this Court's decision in Duhan v. Noem, would control the result here if the Court adheres to that decision, as the facts are not materially distinguishable for purposes of the Court's decision on the legal issue of which statutory provision authorizes Petitioner's detention."  Id. at 4.

After careful consideration, the Court is constrained to find that Petitioner's detention is lawful.  Initially, for the reasons explained in this Court's decision in Lopez-Romero v. Lyons,

2:25-cv-01113-MIS-JHR, 2026 WL 92873 (D.N.M. Jan. 13, 2026), the Court finds that Petitioner's detention is governed by 8 U.S.C. § 1226(a), which provides that the Attorney General may exercise his discretion to either detain or release a noncitizen on bond or conditional parole. 8 U.S.C. § 1226(a)(1)-(2); see also Mwangi v. Terry, 465 F. App'x 784, 786 (10th Cir. 2012).

Here, on April 14, 2026, an Immigration Judge held a bond hearing and denied Petitioner's release on bond on two alternative grounds: (1) "Detention is mandatory [under] Matter of Yajure Hurtado, 29 I&N Dec. 216 (BIA 2025)"; and (2) "If the Court had jurisdiction to grant a bond, the Court would deny bond because [Petitioner] has not met his burden of showing that he is not a danger to the community." ECF No. 1 at 60. The Due Process Clause is satisfied when a noncitizen detained under 8 U.S.C. § 1226(a) receives an adequate bond hearing. Chacin Acurero v. Castro, Case No. 2:26-cv-00565-MIS-JFR, 2026 WL 1180219, at *3 (D.N.M. Apr. 30, 2026); Palacios Rodriguez v. Mullin, Case No. 2:26-cv-01179-MIS-KK, 2026 WL 1164820, at *2 (D.N.M. Apr. 29, 2026); see also Barry v. Lyons, Case No. 1:26-cv-00504-KWR-KRS, 2026 WL 926218, at *7 (D.N.M. Apr. 6, 2026) ("[T]he Court finds that a bond hearing pursuant to § 1226(a) provides Petitioner with the process he is due."); Montero Cordova v. Noem, Case No. 1:26-cv-00526-KWR-DLM, 2026 WL 867689, at *6 (D.N.M. Mar. 30, 2026) ("The Court finds that due process affords Petitioner a bond hearing under § 1226(a), and the hearing need not occur prior to his re-detention."). There is no evidence that Petitioner's bond hearing was inadequate.

To the extent that Petitioner argues that the April 14, 2026 bond hearing was inadequate because the Immigration Judge issued his dangerousness ruling on an alternative basis, the Court is not persuaded. As another court has explained with regard to an Immigration Judge's alternative finding that a noncitizen was a flight risk:

> There is no reason to discount the Immigration Judge's risk-of-flight holding because it was handed down on an in-the-alternative basis. In-the-alternative holdings are understood as providing, on their own, a sufficient foundation for a court's ruling. See Phila. Marine Trade Ass'n-Int'l Longshoremen's Ass'n Pension Fund v. Comm'r, 523 F.3d 140, 147 n.5 (3d Cir. 2008) (quoting Woods v. Interstate Realty Co., 337 U.S. 535, 537 (1949)).[3]
>
> Therefore, the Immigration Judge's in-the-alternative holding, that the Petitioner is a risk of flight, supplies an adequate basis for the Immigration Judge's determination that the Petitioner should remain detained.[4]

Chiquito Barzola v. Warden, No. 2:25-cv-17326 (MEF), 2025 WL 3443487, at *2 (D.N.J. Dec. 1, 2025) (footnotes in original); see also Chait v. Blanche, Case No. CIV-26-311-D, 2026 WL 915596, at *8 (W.D. Okla. Apr. 3, 2026), report and recommendation adopted, 2026 WL 1010480 (W.D. Okla. Apr. 14, 2026); Kumar v. De Anda-Ybarra, Case No. CIV-26-164-R, 2026 WL 753944, at *2 (W.D. Okla. Mar. 17, 2026).

To the extent that Petitioner argues that the April 14, 2026 bond hearing was inadequate because the Immigration Judge's dangerousness finding relies on criminal charges that were subsequently dismissed, the Court finds that the Immigration Judge's dangerousness determination is not subject to judicial review.[5]  8 U.S.C. § 1226(e) ("The Attorney General's discretionary judgment regarding the application of this section shall not be subject to review. No court may set

---

[3]     This is why, for example, an in-the-alternative holding can have a preclusive effect. See, e.g., Anderson v. Comm'r, 698 F.3d 160, 165 (3d Cir. 2012) ("all 'independently sufficient alternative findings should be given preclusive effect' "); 18 Wright & Miller's Federal Practice & Procedure § 4421 & n.27 (3d ed. 2025) (noting that extending issue preclusive effect to each "independently sufficient finding[ ]" is the "view with substantial support in federal decisions").

[4]     That sufficient basis is also a lawful basis, because, as noted, the laws of the United States permit detention following a finding of a flight risk. See, e.g., Skinner, 2014 WL 70066, at *5.

[5]     The Court can envision a scenario where an immigration judge makes an in-the-alternative finding of flight risk or dangerousness, but the record is so devoid of evidence or argument supporting such a finding that the Court would be unable to conclude that the bond hearing satisfied due process.  This is not that case.

aside any action or decision by the Attorney General under this section regarding the detention of any alien or the revocation or denial of bond or parole."); see also Mwangi, 465 F. App'x at 786-87; Chen v. Dorneker, CASE NO. 21-3230-JWL, 2021 WL 5769354, at *2 (D. Kan. Dec. 6, 2021).

The Court discerns no other basis to find that the April 14, 2026 bond hearing was inadequate. Petitioner does not argue, for example, that he was deprived of the opportunity to present evidence that he is not dangerous. Kumar, 2026 WL 753944, at *2 (finding that the petitioner's argument regarding the adequacy of the bond hearing was "too underdeveloped to warrant habeas relief" because, for example, the petitioner "does not indicate that he was denied the opportunity to present evidence at the bond hearing").

Because Petitioner received an adequate bond hearing, the Court finds that Petitioner's detention does not violate his due process rights.

## IV.   Conclusion

Therefore, it is **HEREBY ORDERED** that:

1.   Petitioner Elvis Alejandro Jiminez Lopez's Petition for Writ of Habeas Corpus, ECF No. 1, is **DENIED**;

2.   All pending motions are **DENIED AS MOOT**; and

3.   This case is now **CLOSED**.

_____
**MARGARET STRICKLAND**
UNITED STATES DISTRICT JUDGE

7